

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUCATION MANAGEMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 06-5846 |
| SCOTTSDALE INSURANCE COMPANY | SECTION "C" |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment by Scottsdale seeking to dismiss the plaintiff's suit based on waiver or <u>res judicata</u>. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I. BACKGROUND

This case originally arises from classes sponsored by Education Management, Inc. and administered by Mr. Richard Berry in the "Re-birthing" technique. Several participants from these classes filed suit against Education Management in Mississippi state court on December 27, 2002 claiming damages as a result of the injurious effects of the "Re-birthing" technique. Scottsdale Insurance Company ("Scottsdale") provided Commercial General Liability insurance to Education Management.

On April 14, 2004, Scottsdale filed a Complaint for Declaratory Relief in Case No. 04-1053 with this Court seeking judgment as to the existence and scope of its indemnity and defense obligations to Education Management and/or its insured, if any existed in connection with the underlying action. [04-1053, Rec. Doc. No. 1].

The complaint specifically requested a judgment declaring that there was no coverage under Policy No. CLS705445 for the period commencing August 26, 2000 and ending on August 26, 2001 with respect to the underlying action. Education Management answered and counterclaimed seeking judgment for the amount of the Mississippi plaintiffs' claims that Education Management became legally obligated to pay, plus post-judgment interest, attorney's fees and costs. Education Management also sought an order from this court affirmatively finding and declaring that Scottsdale Insurance had a duty to defend Education Management against the claims in the Underlying Action. [04-1053, Rec. Doc. No. 3, p. 11-12].

Subsequently, Kathleen Bertram, Jason Bertram, Deborah Leslie, Mark Leslie, Cathy Miller, Carl Miller, Tiffinie Hancock, JoAnne Swarthout, Kenneth Swarthout, Michelle Perronne, Shawn Perronne, Geraldine Rowe, Walter R. Rowe, Angela Robinson, Leslie (Louise) Moran, Linda Bradley, Geraldine Perronne, and Debbie Berry filed a motion to intervene [04-1053, Rec. Doc. No. 8]. They requested to be allowed to intervene in order to obtain medical payments coverage for injuries sustained while on the premises of Education Management's school and at the hands of Education Management and it's employees under a policy provided by Scottsdale to Education Management. Subsequently, the claims of Kathleen Bertram, Leslie Moran, Tiffinie Hancock, Michelle Perronne, Angela Robinson, and Linda Bradley were

2

dismissed with prejudice as a result of their failure to prosecute their claims and failure to appear at properly noticed depositions [04-1053, Rec. Doc. No. 94]. The claims of Cathy Miller, Carl Miller, Michelle Perrone, Shawn Perrone, Geraldine Rowe, Walter Rowe, JoAnne Swarthout, Kenneth Swarthout, and Debbie Berry were terminated because these Intervenors or their spouses attended the Re-Birthing workshops before the beginning of the policy period, August 26, 2000, and were therefore not covered under the policy. The only remaining Intervenor in Case No. 04-1053 who participated in the workshop during that policy period is Deborah Leslie.

On September 11, 2006, Education Management, Inc. filed this lawsuit against Scottsdale Insurance Company to reform the insurance policy and seek penalties for unfair insurance trade practices. [Rec. Doc. No. 1, p. 1]. The suit claims that Scottsdale issued an insurance policy and provided liability coverage to Education Management under policy CLS626016, later renewed as CLS705445. The complaint alleges that claims were made against Education Management from acts stemming from one of their employees in connection with the "re-birthing" workshops that Education Management sponsored. The complaint further alleges that the "re-birthing" workshops caused physical and mental harm to the claimants, who in turn sued Education Management in the State of Mississippi. The complaint goes on to allege that Scottsdale wrongfully denied coverage to Education Management for those claims made against them by the Mississippi plaintiffs. [Rec. Doc. No. 1, p. 2-4]. Education Management claims that Scottsdale has engaged in unfair trade practices and is subject to multiple penalties pursuant to Louisiana Revised Statutes 22:1220, et seq. Id. The complaint cites Scottsdale's alleged refusal and failure to provide a copy of Policy No. CLS626016, Scottsdale's failure to provide any authentic

3

policies with properly numbered endorsements, signatures, dates and/or certificates of authenticity. Id. Education Management also accuses Scottsdale of refusing to produce claims adjusters for depositions, refusing to produce insurers claims files to its insured for review, and other numerous allegations.

Scottsdale has filed this Motion for Summary Judgment seeking to dismiss the plaintiff's suit based on waiver or res judicata. Scottsdale argues that all of the claims asserted against Scottsdale in this case arise out of the same transaction or occurrence at issue in Case No. 04-1053, and thus should have been raised in that case as compulsory counterclaims. As a result, Scottsdale argues that any claims contained in this complaint are waived or barred by res judicata.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely

colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

**B.   Rule 13(a)**

Scottsdale argues that this lawsuit, brought by Education Management, Inc., should be barred because the allegations in this petition should have been raised as a compulsory counterclaim in Case No. 04-1053, Scottsdale v. Education Management, Inc. The Federal Rules of Civil Procedure provide that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction.... F.R.C.P. 13(a).

Therefore, the question presented for this Court is whether the basis for the current lawsuit

5

"arises out of the transaction or occurrence that [was] the subject matter" of Case No. 04-1053. Id. If so, this claim should have been brought as a compulsory counterclaim in that suit. If not, the claim is more aptly classified as a permissive counterclaim that may be raised in a separate lawsuit.

The Fifth Circuit has articulated that a counterclaim is compulsory if it bears a logical relationship to an opposing party's claim. Id. The 5th Circuit iterates that:

> a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Id.

Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th 1970)

Therefore, a claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts in the sense that the same operative facts serve as the basis of both claims or that "the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." Id. at 715. While it is true that Rule 13(a) may be a harsh rule, "[i]t forces parties to raise certain claims at the time and place chosen by their opponents, or lose them." Dillard v. Security Pac. Brokers, Inc., 835 F2d. 607, 609 (5th Cir. 1988).

The only way that Education Management can avoid Rule 13(a) is if the claims brought in this suit against Scottsdale did not "arise[] out of the transaction or occurrence that [was] the subject matter" of Case No.04-1053. F.R.C.P. Rule 13(a). By Education Management's own

admissions, this suit, Case No. 06-5846, arises from incidents occurring at the same "re-birthing" classes offered by Education Management. [Rec. Doc. 1, p. 3]. The case is predicated on the theory that Scottsdale provided liability coverage insurance that should have covered the claims of certain individuals that took the re-birthing classes and were thereby injured. [Rec. Doc. 1, p. 2]. Education Management cannot, nor does it, argue that this suit does not arise from the same transaction or occurrence as was the subject matter of Case No. 04-1053.

Education Management alleges in the Complaint in this case that during the course of the litigation in Case No. 04-1053, Scottsdale engaged in acts that constitute unfair insurance trade practices pursuant to La. R.S. 22:1220, et seq. Then the complaint enumerates eight acts of alleged unfair trade practices, such as failure to provide a copy of the policy, failure to provide authentic policies, failure to produce the claims adjusters, etc. [06-5846, Rec. Doc. No. 1, p. 3-4]. These allegations are arguably permissive, rather than compulsory counterclaims, because the events of which Education Management complains occurred after the filing of the lawsuit in 04-1053. However, these claims are the exact same, word for word, allegations that were raised by Education Management in its opposition to Scottsdale's Motion for Partial Summary Judgment Regarding Bad Faith Claims. [04-1053, Rec. Doc. No. 119, p. 6-7]. This Court ruled on that motion on October 16, 2006, stating:

> The majority of these allegations listed as the actions Scottsdale has engaged in that continue to trigger the bad faith provisions of LA RS 22:1220 were not brought up in the counterclaim or the intervention and are being brought up for the first time now. The deadline for amending the pleadings has long passed, and any new allegations are untimely. <u>Even if the Court were to consider these new allegations</u>, Scottsdale would still be entitled to summary judgment on this issue. The standard for sanctions in Louisiana is "arbitrary and capricious" and is

7

> appropriate only when the "willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause." In this case, there has been no such conduct on the part of Scottsdale.

[04-1053, Rec. Doc. No. 146, p. 6-7](emphasis added)(internal citations omitted). As to these enumerated allegations of misconduct on Scottsdale's part, this Court has already ruled in Case 04-1053 that even if the allegations had not been untimely, they were unfounded. As such, this Court finds that these allegations are barred, as they have already been analyzed and addressed by this Court.

Education Management's other claims asserted in the complaint in this lawsuit surround the issue of whether the policy numbered CLS707445 should be reformed in accordance with policy number CLS626016. [Rec. Doc. No. 1, p. 5]. The issue of policy reformation should have been addressed in Case No. 04-1053, because at the time of serving of the pleading, it was a claim that Education Management had against Scottsdale and the claim arose out of the transaction or occurrence that was the subject matter of the Scottsdale's original declaratory judgment action, namely insurance coverage for the re-birthing classes. Indeed, the Court did address the issue of policy reformation in Case No. 04-1053. On September 18, 2006, this Court ordered the parties to this case to produce the 1999-2000 policy and:

> to submit supplemental memorandum on the issue of whether the 2000-2001 policy is a renewal of the 1999-2000 policy before 5:00 p.m., Wednesday, September 20, 2006. Specifically, the parties are to address the legal significance of the issue of renewal on the plaintiffs whose injuries arose during 1999 and 2000, and whether the 1999-2000 policy contains coverage for mental abuse.

[04-1053, Rec. Doc. No. 128]. On September 20, 2006, Scottsdale produced policy number CLS626016 and supplemental memorandum regarding policy renewal, as ordered by the Court.

[Rec. Doc. No. 131]. However, Education Management never submitted any memorandum on this issue, nor asked for an extension of time to do so. This Court has given Education Management ample opportunity to present its case on the issue of renewal and reformation of the policy. The Court declines to entertain this issue in a separate suit, when Education Management was given an opportunity to raise this issue in Case No. 04-1053 and failed to comply with an order of the Court.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion be and is hereby **GRANTED**.

New Orleans, Louisiana, January 25, 2007.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE